The opinion of the Court was delivered by
Poché, J.
The present controversy is one of the many cases winch *908 have arisen from the failure in business of Hart & Hébert, formerly bankers in Baton Rouge, and turns substantially on the following facts:
At the time of their failure, in October, 1875, Hart & Hébert made a voluntary surrender of their property to their creditors, under certain conditions, which were accepted by all their creditors, except twenty-two.
The accepting creditors appointed a committee of seven, with full power to accept said surrender, and to dispose of the property for the benefit of creditors.
Subsequently, these creditors who liad formally accepted the debtors’ surrender and their conditions, instituted among themselves an action in partition for the sale of the property of Hart & Hébert, with a view to a distribution of the proceeds among themselves, and a judgment was rendered ordering- the sale and the distribution prayed for, to be made under the supervision and control of the committee which is styled the “ Board of Liquidators of Hart & Hébert.”
Plaintiff in this case, who owns a judgment obtained against Hart & Hébert by Pike, Brother & Co., based on a note secured by mortgage on certain property of Hart & Hébert, granted before their failure, and who is a creditor for a residue on said note, after foreclosure on the property mortgaged, has filed a third opposition in the partition of the accepting creditors inter sese, for the purpose of being paid his pro rata in the proposed distribution of the proceeds of the property of Hart & Hebert, and he has prayed for citation on the Board of Liquidators through their president. The latter excepted, on the ground of his want of authority to stand in judgment for his former constituents, the accepting creditors, who had resumed for themselves the administration of Hart & Ilóbert’s property, and were the only parties in the suit for partition.
•The defects pointed out by this exception and by all the objections urged to the form of plaintiff’s present proceedings, have been cured by the intervention of H. Badley and all the other creditors who were parties to the partition suit, and who have thus formally joined issue with plaintiff on the relief which he seeks through this proceeding.
These intervenors, joined by the Board of Liquidators in the answer of the president, resist plaintiff’s demand on several grounds, which we shall consider seriatim.
Many of their grounds resolve themselves into an argument that plaintiff, as subrogee of Pike, Brother & Co., has no right to participate in the proceeds of the property surrendered by Hart & Hebert, by reason of the refusal of Pike, Brother & Co. to accept said surrender, which was therefore made for the exclusive benefit of those creditors who accepted under the conditions prescribed by the debtor, and on *909 the additional ground that their claim is prescribed. We do not construe the transfer of Hart & Hébert as importing such an exclusion, and. we hold that such an intention on their part, even if manifested in the act of transfer, could not be sustained in law. No debtor in failing circumstances could, by means of a voluntary surrender of his property to certain creditors, on condition of a discharge from their claim, defeat the legal recourse of his other creditors on his property thus surrendered, which yet, remains the common pledge of his creditors.
This transfer of Hart & Hébert, has twice received judicial interpretation in this Court, where it. has been defined to be but a security for the payment of debts, coui>led with the power to sell the property, for the purpose of securing the creditors. 30 An. 868 ; 33 An. 474.
The plea of prescription cannot prevail against the creditor owning a judgment rendered in 1877, less than ten years preceding- this suit.. Intervenors’ denial of the ownership-of plaintiff of the Pike judgment, on the ground that it had been transferred to A. Baldwin by the original owner, is met by the fact, that Baldwin does not complain and is not a party to this suit; hence, he cannot be bound by the judgment herein, and his rights, if any he has, will be considered whenever he urges them and, therefore, these intervenors cannot- be heard to champion them.
' The same answer applies to the objection that the rights of G-. A. Pike, as a member of Pike, Brother & Co., to the judgment have never been acquired by plaintiff, whose title is not opposed by G-. A. Pike.
To the objection, that since the date of the mortgage of Hart & Hebert to Pike, Brother & Co., the former firm had been changed by the admission of a new member, Hugnot, we answer that the property surrendered was owned almost exclusively by the first firm, and urge the fact that such a defense should have been made and could have been heard only in the suit’of Pike, Brother & Co. vs. Hart & Hebert.
We have carefully considered and maturely weighed the numerous objections urged against the right of this creditor to claim hisjwo rata share in the distribution of the, assets of his insolvent debtors,.which was recognized by the judgment in the lower court, and we find none sufficient to justify a reversal of that judgment.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be affirmed at appellants’ costs.